# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD ALLEN, | Civil Action No. 17-7597 (PGS) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| GERALD J. COUNCIL, et al., | |
| Defendants. | |

This matter has come before the Court on a civil rights Complaint filed by *pro se* Plaintiff Ronald Allen pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding *in forma pauperis*, *see* ECF No. 4, the Court must screen the Complaint to determine whether the case shall be dismissed because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having completed this screening, for the reasons stated below, the Complaint is dismissed with prejudice.

The crux of Plaintiff's claims is that he did not receive notice of status and filing dates during the pendency of his state post-conviction relief ("PCR") proceeding, which deprived him of the ability to fully litigate the matter. Plaintiff names the presiding judge, Gerald J. Council, and john doe court staff as the only defendants. However, in the Complaint, he acknowledges that Judge Council issued an order assigning Plaintiff counsel in the PCR proceeding. ECF No. 1 at 5. As such, the fact that Plaintiff was not personally notified of the status of his PCR proceeding is not necessarily a deprivation of his constitutional rights, since he makes no allegation that counsel was not notified during the pendency of the PCR proceeding. To the extent his attorney may have kept him in the dark, that cannot be the basis of any claim against Judge Council or the court staff,

nor can Plaintiff name his PCR attorney as a party in a § 1983 action. *See Vermont v. Brillon*, 556 U.S. 81, 91 (2009) ("[T]he relationship between a defendant and the public defender representing him is identical to that existing between any other lawyer and client. Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor.") (citation and quotation omitted); *Rieco v. Hebe*, No. 15-2323, 633 F. App'x 567, 569 (3d Cir. 2015) ("Public defenders are generally not considered state actors for § 1983 purposes when acting in their capacities as attorneys.") (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)).

Furthermore, judges are absolutely immune from suit for actions taken in their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Id.* "[J]udicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.* Plaintiff's factual basis for his claim against Judge Council, the alleged failure to provide Plaintiff notice of status during his PCR proceeding, is indisputably judicial in nature. Therefore, Judge Council is immune from Plaintiff's suit.

Likewise, judicial staff are entitled to quasi-immunity from § 1983 claims so long as they did not act outside their discretion, outside the scope of their duties, or contrary to the direction of a judicial officer. *Kulesa v. Rex*, 519 F. App'x 743, 746 (3d Cir. 2013) (citing *Gallas v. Sup. Ct. of Pa.*, 211 F.3d 760, 772-73 (3d Cir. 2000)); *Lusick v. City of Phila.*, 549 F. App'x 56, 58 (3d Cir. 2013). The Complaint is devoid of any factual allegation that any court staff acted in such fashions. Indeed, as the Court stated above, Plaintiff has not established that no notice was provided whatsoever; he merely alleges that he himself did not receive notice personally.

Most damningly, Plaintiff's claims are time-barred. According to the Complaint, the PCR proceeding in question concluded on December 8, 2011, when Judge Council denied PCR, almost

six years before the filing of the Complaint. ECF No. 1 at 6. Under New Jersey law, an action for an injury caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. N.J.S.A. § 2A:14-2; *Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 859 (3d Cir. 2014). Federal courts look to state law to determine the limitations period for § 1983 actions. *Wallace v. Kato*, 549 U.S. 384, 387-88 (2007); *Lagano*, 769 F.3d at 859. Civil rights or constitutional tort claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. *Lagano*, 769 F.3d at 859. Accordingly, New Jersey's two-year limitations period on personal injury actions governs Plaintiff's claims. *Id.*

Because PCR was allegedly denied on December 8, 2011, Plaintiff's alleged injury, the inability to fully litigate his PCR matter, concluded on that date. Under the relevant statute of limitations, Plaintiff had two years to bring his civil rights claims for said injury, but he did not do so until more than five years later, rendering his claims grossly untimely. Accordingly, the Court dismisses the Complaint with prejudice, both for raising meritless claims, as well as being untimely, thus failing to state a claim upon which relief may be granted. To be explicit, the Court's dismissal constitutes a strike for the purpose of the three-strike statute under 28 U.S.C. § 1915(g). *See Trimble v. Cty. of Beaver, Pa.*, 615 F. App'x 762, 764 (3d Cir. 2015) (*sua sponte* dismissal of a complaint that was clearly time-barred on the face of the complaint can constitute as a strike under § 1915(g)).

Date: 12/6/17

Peter G. Sheridan, U.S.D.J.